areas where the trial court should look once the two errors have been taken care of, one, the finding as a matter of law that the conduct that we are asserting was the bad faith, i.e. the misleading reports to Congress, misleading statements to Congress, were part of the underlying conduct, and therefore under either test 1 or 3 of Shenman I'm lost. Time to. Justice counsel said that I drew a distinction between the agency and the Congress when I was trying to distinguish the underlying conduct from non-underlying conduct. That's not the distinction I was trying to make or that I made or that the court made below. What the distinction is is between that conduct which would amount to a breach of the implied covenant of good faith and fair dealing and that conduct which was bad faith because it violated a clear statutory duty or was deceptive or for some other reason. I was trying to articulate the point that whether it's the agencies or Congress, the allegations, neither the allegations below of the breach of the implied covenant nor the findings by the courts of the breach of the implied covenant were predicated on deceptive statements to Congress by agencies. That's the point I was trying to make. And the trial court would also, if it were, the error was corrected as to no substantive claim. I just failed to see how that could be part of a test that tried to balance in any way equities or fairness or even, and there's no basis in the statute for it, to say if in cases where there happens to be an administrative procedure where you file form 806 versus a situation where you complain publicly and in writing and you identify exactly the litigation and the causes of action, but there's no form, you can't get these. I just can't believe that's the law. And I think since my time has expired, I'll leave the Postal Service hypothetical except to say I do think a pair could be split as to what the D.C. Circuit meant by a clear obligation if it turns out that the issue of the obligation also turned on questions of qualified immunity. Thank you. Very good. Thank you. And I thank all counsel. I appreciate your willingness to accommodate the court in the scheduling. The case is submitted.